IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JEFFREY BARON,** | § | |
| | § | |
| Appellant, | § | |
| | § | |
| v. | § | Civil Action No. **3:13-CV-1294-L** |
| | § | |
| **DANIEL SHERMAN,** | § | |
| | § | |
| Appellee. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Appellant's Motion to Re-Designate Parties (Doc. 7), filed September 2, 2013. In his motion, Appellant requests that he be allowed to substitute Pronske & Patel, P.C. as the appellee in this case. For the reasons herein discussed, the court *sua sponte* **dismisses with prejudice** this appeal and **denies as moot** Appellant's Motion to Re-Designate Parties (Doc. 7).

**I.  Factual and Procedural Background**

This bankruptcy appeal arises from a voluntary Chapter 11 bankruptcy case (Case No. 09-34784-sgj11) initiated on July 24, 2009, by Ondova Limited Company ("Ondova"), a company owned by Appellant Jeffrey Baron ("Baron"). An order confirming the Third Amended Joint Plan of Liquidation for Debtor's Estate was entered by the bankruptcy court on November 21, 2012. Baron brought this action to appeal an order entered by the bankruptcy court on November 30, 2012, granting Pronske & Patel, P.C.'s ("Pronske & Patel") Second Amended Application for Payment of Fees as an Administrative Expense for a Substantial Contribution to the Estate, pursuant to 11 U.S.C. § 503(b)(4), in the amount of $294,033.87 for attorney's fees and expenses to be paid by the bankruptcy estate as an allowed administrative expense.

**Memorandum Opinion and Order - Page 1**

On December 14, 2012, Baron filed his Notice of Appeal of Order Granting Second Amended Application of Pronske & Patel, P.C. for Payment of Fees as an Administrative Expense for a Substantial Contribution to the Estate ("Notice of Appeal"). In the Notice of Appeal, Baron designated trustee Daniel J. Sherman ("Trustee") as the appellee. On April 10, 2013, Baron filed his appellate brief in which he appears to suggest that the court is responsible for designating the wrong party as the appellee. In a footnote, Baron states: "The case caption assigned by the Court designates Daniel Sherman [as Appellee]. However, the interested party [Appellee] is Pronske & Patel, P.C." Appellant's Br. 1 n.1. This statement, at a minimum, is disingenuous, as the clerk of the court merely designated as parties to the appeal the persons identified in Baron's Notice of Appeal. Pursuant to Federal Rule of Bankruptcy Procedure 8004, the clerk similarly was only required to serve the Notice of Appeal on the persons identified by Baron as parties in the Notice of Appeal. Thus, any mistake in identifying and designating the proper party as the appellee was Baron's, not the clerk's or the court's.

Nine months after filing his Notice of Appeal, Baron filed a one-page motion to redesignate Pronske & Patel as the proper Appellee in this appeal. To further confuse matters, Baron's Motion to Re-Designate Parties and appellate brief include both the Trustee and Peter S. Vogel ("Vogel")[*] as Appellees in the case caption; however, as noted, only the Trustee was designated as a party and the appellee in the Notice of Appeal. No response to Baron's Motion to Re-Designate Parties was filed by either the Trustee or Vogel, presumably because they have "no dog in the fight." No

---

[*] Vogel was appointed by the district court as special master to mediate claims for unpaid legal fees in the underlying civil litigation, which was stayed when Baron caused Ondova to file for bankruptcy. *Netsphere, Inc. v. Baron*, 703 F.3d 296, 302-04 (5th Cir. 2012).

response to the motion was filed by Pronske & Patel because they were not designated by Baron as parties to this appeal.

## II.     Discussion

Rule 8001(a) of the Federal Rules of Bankruptcy Procedure requires a notice of appeal to: "(1) conform substantially to the appropriate Official Form, (2) contain the names of all parties to the judgment, order, or decree appealed from and the names, addresses and telephone numbers of their respective attorneys, and (3) be accompanied by the prescribed fee." Fed. R. Bankr. P. 8001(a). While "[a]n appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, it is grounds *for such action as the district court . . . deems appropriate, which may include dismissal of the appeal*." Fed. R. Bankr. P. 8001(a) (emphasis added). Based on the foregoing language in Rule 8001(a), the Fifth Circuit has held that a district court has "authority to dismiss a bankruptcy appeal for failure to comply with procedural rules." *In re McDonald*, 327 F. App'x 491, 492 (5th Cir. 2009) (per curiam) (unpublished) (citing cases and holding that district court acted within its discretion in dismissing *sua sponte* bankruptcy appeal for failure to follow bankruptcy procedural rules applicable to briefing). It is not uncommon for a bankruptcy appeal to be dismissed when the appellant fails to comply with procedural rules and diligently prosecute the appeal. *In re Braniff Airways, Inc.*, 774 F.2d 1303, 1305, 1305 n.6 (5th Cir. 1985) ("Bankruptcy appeals have frequently been dismissed for the appellant's failure to comply with the duty of diligent prosecution."); *Pyramid Mobile Homes, Inc. v. Speake*, 531 F.2d 743, 745-46 (5th Cir. 1976) (per curiam) (same). Dismissal under Rule 8001(a) does not require a finding by the court that the appellant acted in bad faith or was intentionally dilatory. *In re McDonald*, 327 F. App'x at 493. An appellant's simple failure to comply with procedural rules is sufficient. *Id.*

As noted above, Baron filed his Notice of Appeal on December 14, 2012. The Notice of Appeal fails to comply with Rule 8001(a)'s requirement that a notice of appeal "contain the names of all parties to the judgment, order, or decree appealed from and the names, addresses and telephone numbers of their respective attorneys" because it mistakenly designated the bankruptcy Trustee as the appellee rather than Pronske & Patel. As a result, the Trustee, rather than Pronske & Patel, was provided with notice of the appeal. In addition, no brief has been filed by the appellee in this case; nor have any items been designated to be included in the record. Consequently, the appellate record is incomplete, even though this bankruptcy appeal was initiated nine months ago.

Further, although Baron states on the first page of his motion that he "attempted to confer with opposing counsel who have not responded to [his] request to re-designate" and certifies in his certificate of conference that "I have served all parties who receive notification through the electronic filing system," there is no indication that Pronske & Patel received notice of the Motion to Re-designate Parties. Baron does not specify with whom he spoke regarding the motion, and, as Pronske & Patel is not a party to this action, it would not have received service of the motion via the court's electronic filing system. Thus, while Baron states in a proposed order that there is "no objection" to the motion. This is misleading, as he is essentially requesting the court to enter an *ex parte* order without the benefit of a response by Pronske and Patel. Because Pronske & Patel is not a party to this appeal, the court cannot order it to file a response to the motion.

Moreover, Baron provides no explanation whatsoever for the nine-month delay in seeking to redesignate Pronske & Patel as the appellee in this action. Baron has known since at least April 10, 2013, when he filed his appellate brief, of the misdesignation. Baron nevertheless delayed another five months before filing his one-page motion. The motion also fails to point the court to

any authority that the requested relief is appropriate under the Federal Rules of Bankruptcy Procedure or relevant case law.  The court therefore *sua sponte* determines that dismissal with prejudice of this appeal is appropriate under Rule 8001(a) for Baron's failure to comply with applicable procedural rules and exercise diligence in prosecuting this appeal.  *See In re Nixon*, 521 F. App'x 334 (5th Cir.) (unpublished), *cert. denied*, 2013 WL 3819453 (2013) (affirming district court's dismissal with prejudice of *pro se* bankruptcy appeal under Rule 8001(a)).  The dismissal of this appeal moots Appellant's Motion to Re-Designate Parties.  It will therefore be denied as moot.

### III. Conclusion

For the reasons explained, the court, pursuant to Rule 8001(a) of the Federal Rules of Bankruptcy Procedure, *sua sponte* **dismisses with prejudice** this appeal and **denies as moot** Appellant's Motion to Re-Designate Parties (Doc. 7).

**It is so ordered** this 30th day of October, 2013.

*/s/ Sam A. Lindsay*
Sam A. Lindsay
United States District Judge